Kirkpatrick, O. J.
The proceedings are substantially .according to the true spirit and intention of the act. The law intended that a man should have his legal remedy upon "this statute, in the same way and to the same extent as if he had proceeded by summons or by a regular suit.
Ford, J.
By the principles of the common law, the whole penalty is due upon the non-payment of the interest, and for the amount of the penalty the judgment was always entered; .and, in order to be relieved, the debtor was obliged to resort to chancery; but now the practice was, to endorse upon the execution the sum or instalment actually due, and the levy was made for that amount only.
Eossell, J. concurred.
Motion to set aside the judgment refused.*

 Sec, upon this subject. 2 Arch. JPrac. 18; Ilardw. 270; 16 East. 163; 1 M. & S. 706. In debt on bond for the performance of covenant, &c„ where breaches are suggested, &c., under the statute, (Mev. Laws 306-7) although the writ of execution must be for the entire penalty, damages and costs, yet it should be endorsed to levy only the •damages assessed upon the breaches, the costs found by the jury, the costs of increase, and the costs of execution. 1 Arch. lJrac. 267.